# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | Case No: 3:19-CR-174-KAC-JEM |
| Steven Keith Hunley | ) | |
| | ) | USM No: 53680-074 |
| Date of Original Judgment: 10/23/2020 | ) | |
| Date of Previous Amended Judgment: | ) | Jonathan A. Moffatt |
| | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____ .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: _____

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 3:19-CR-174-KAC-JEM |
| STEVEN KEITH HUNLEY, | ) ) ) |
| Defendant. | ) ) |

## ANALYSIS

This case is before the Court on Defendant Steven Keith Hunley's pro se "Motion to Reduce Sentence" [Doc. 28] and the "Notice of No Intention to File a Supplemental Motion" [Doc. 29] filed by his counsel.[1] On December 19, 2019, Defendant pled guilty to an information charging him with unlawfully possessing firearms and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1) [*See* Docs. 1, 3, 7, 9]. At his sentencing hearing on October 23, 2020, the Court determined that Defendant was an armed career criminal based on his prior convictions for burglary, aggravated burglary, and aggravated assault and sentenced him to 180 months' imprisonment, the minimum sentence required by law for someone with that designation [Doc. 20 at 13, 28 (Sentencing Hearing Transcript 13:15-22, 28:17-23)]. *See* 18 U.S.C. § 924(e)(1). Thereafter, Defendant filed the instant Motion, asking the Court to "amend, correct, and or vacate his sentence due to" Amendment 821 of the Sentencing Guidelines [Doc. 28 at 2]. The United States opposed [Doc. 30].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946,

948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment ***based on*** a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2) (emphasis added). A defendant's sentence is not "based on" a sentencing range, however, "when the ranges play no relevant part in the judge's determination of the defendant's ultimate sentence." *Koons v. United States*, 584 U.S. 700, 705 (2018); *see also United States v. Webb,* 760 F.3d 513, 520 (6th Cir. 2014) ("Defendant is ineligible for a sentence reduction under § 3582(c)(2) because his [statutorily-required minimum] sentence was not 'based on' a sentencing range that was subsequently lowered.").

Here, Defendant is ineligible for a reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2); *see also Koons*, 584 U.S. at 705. The Court determined that Defendant was an armed career criminal and sentenced him to the minimum sentence required by law for someone with that designation [Doc. 20 at 13 (Sentencing Hearing Transcript 13:15-22)]. *See* 18 U.S.C. § 924(e)(1). As such, Defendant's sentence was based on a statute, "not based on a Guidelines range." *See Koons*, 584 U.S. at 705; *Webb*, 760 F.3d at 520. Section 3582(c)(2), therefore, provides no basis for relief.

---

[1] In his Motion, Defendant requested counsel, and the Court appointed counsel under Standing Order 24-05.